1  M. D. SCULLY (SBN: 135853)
   E-mail: mscully@gordonrees.com
2  ALLISON F. BORTS (SBN: 197895)
   E-mail: aborts@gordonrees.com
3  CAMILLE JOY DECAMP (SBN: 236212)
   E-mail: cdecamp@gordonrees.com
4  GORDON & REES LLP
   101 West Broadway, Suite 2000
5  San Diego, CA 92101
   Telephone: (619) 696-6700
6  Facsimile: (619) 696-7124

7  JOHN H. DONBOLI (SBN: 205218)
   E-mail: jdonboli@delmarlawgroup.com
8  JL SEAN SLATTERY (SBN: 210965)
   E-mail: sslattery@delmarlawgroup.com
9  DEL MAR LAW GROUP, LLP
   2002 Jimmy Durante Blvd., Suite 100
10 Del Mar, CA 92014
   Telephone: (858) 793-6244
11 Facsimile: (858) 793-6005

12 Attorneys for Plaintiff: GUY CADWELL, an individual and on behalf
   of all others similarly situated
13

                    UNITED STATES DISTRICT COURT
14
                   SOUTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| FRANCES VON KOENIG, individually and on behalf of all others similarly situated, | Civil Action No.: 09-cv-00606-FCD-EFB |
| | Related to: 3:09-cv-01826-L-NLS |
| Plaintiff, | **CLASS ACTION** |
| SNAPPLE BEVERAGE CORPORATION, | **MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF PLAINTIFF GUY CADWELL'S MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A); APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(2); AND SCHEDULE FILING OF PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| Defendant | |
| GUY CADWELL, an individual and on behalf of the general public, | |
| Plaintiff, | |
| vs. | |
| DR. PEPPER SNAPPLE GROUP, INC., a Delaware Corporation, and DOES 1 through 100, inclusive, | Date: October 30, 2009<br>Time: 10:00 am<br>Courtroom: 2<br>Judge: Hon. Frank C. Damrell, Jr. |
| Defendants. | |

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE
3:09-cv-01826-L-NLS

## Table of Contents

Page

I. INTRODUCTION AND PRELIMINARY STATEMENT ................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 2

III. ARGUMENT ...................................................................................................................... 3

    A. These Related Actions Should Be Consolidated For All Purposes ....................... 3

    B. Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class .................................. 4

    C. The Litigation in Both Case Is at Approximately the Same Stage As "Snapple" Has Yet to File an Answer ........................................................................ 4

    D. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class ................................................... 5

        1. Proposed Interim Class Counsel Have Taken Significant Step to Advance this Litigation ............................................................................. 5

        2. The Proposed Interim Class Counsel Have Extensive Complex Class Action Experience ................................................................................ 6

            a. Gordon & Rees, LLP .................................................................... 6

            b. Del Mar Law Group, LLP ............................................................. 8

        3. The Proposed Interim Class Counsel Have the Resources Necessary to Advance this Litigation ............................................................ 9

        4. Plaintiff Guy Cadwell is an Ideal Class Representative ........................ 9

    E. A Multi-Firm Structure is Beneficial for Plaintiffs and Putative Class Members ............................................................................................................ 10

    F. The Court Should Order the Consolidation of Pleadings and Set a Deadline for the Filing of Plaintiffs' Consolidated Complaint ......................... 11

IV. CONCLUSION ................................................................................................................ 13

## Table of Authorities

Page

**Cases**

*In re DRAM Antitrust Litig.*,
  2006 U.S. Dist. LEXIS 39841, (N.D. Cal., June 5, 2006) .................................................. 10

*Huene v. United States*,
  743 F.2d 703 (9th Cir. 1984) ............................................................................................ 3

*In re Cendant Corp. Litig.*,
  182 F.R.D. 476 (D.N.J. 1998) .......................................................................................... 3

*In re Equity Funding Corp. of Am. Sec. Litig.*,
  416 F. Supp. 161 (C.D. Cal. 1976) ................................................................................... 3

*In re Intel Corp. Microprocessor Antitrust Litig.*,
  526 F.Supp.2d 461 (D. Del. 2007) (MDL No. 05-1717) ................................................. 10

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................... 10

*Investors Research Co. v. U.S. District Court for Cent. Dist.*,
  877 F.2d 777 (9th Cir. 1989) ............................................................................................ 3

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ........................................................................................... 4

*Owen v. Labor Ready Inc.*,
  146 Fed.Appx. 139 (9th Cir. 2005) ................................................................................... 3

*Parkinson v. Hyundai Motor Am.*,
  2006 WL 2289801, No. C06-0345 AHS, (C.D. Cal. Aug. 7, 2006) ................................. 5

*Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*,
  611 F. Supp. 990 (C.D. Cal. 1984) ................................................................................... 3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................................... 10

*U.S. v. Knauer*,
  149 F.2d 519 (7th Cir. 1945) ............................................................................................ 3

*Vincent v. Hughes Air West, Inc.*,
  557 F.2d 759 (9th Cir. 1977) ............................................................................................ 3

**Other Authorities**

Manual for Complex Litigation, Fourth, § 11.631 (2004) .................................................. 3, 4, 10

Table of Authorities
(continued)

Page

**Rules**

Federal Rules of Civil Procedure Rule 23(g)(1)(A) .................................................................. 5, 9

Federal Rules of Civil Procedure Rule 23(g)(2) ............................................................................ 1

Federal Rules of Civil Procedure Rule 23(g)(3) ............................................................................ 4

Federal Rules of Civil Procedure Rule 23(g)(4) ............................................................................ 5

Federal Rules of Civil Procedure Rule 42(a) .................................................................. 1, 3, 4, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND PRELIMINARY STATEMENT

There are two related class action lawsuits (the "Actions") presently pending in district courts in California:

1. *Cadwell v. Dr. Pepper Snapple Group, Inc.* (S.D. Cal.), Case No. 3:09-cv-01826-L-NLS ("Cadwell case"), and

2. *Von Koenig v. Snapple Beverage Corp.* (E.D. Cal), Case No. 2:09-cv-00606-FCD-EFB ("Von Koenig case").

Both of these class action lawsuits seek to represent substantially the same class of people for essentially the same claims, are based on similar factual allegations and are purportedly against substantially the same defendant (the manufacturer of Snapple beverage products).[1] Through the present motion, the moving plaintiff in this action, Guy Cadwell ("Plaintiff"), hereby moves this Court for orders:

(1) Consolidating the Actions pursuant to Fed.R.Civ.P. 42(a);

(2) Appointing interim class counsel pursuant to Fed.R.Civ.P. 23(g)(2); and

(3) Setting a schedule for the filing of Plaintiffs' Consolidated Complaint.

This motion is brought on the grounds that the Actions are substantially identical such that consolidation of these cases will promote efficiency. This motion is additionally brought on the ground that the leadership structure proposed by Plaintiff and the consolidation of pleadings will likewise promote efficiency.

This motion is based upon the following legal memorandum of points and authorities, the complete files and records in the two related actions, and such other written or oral argument as the Court may consider. Given the scope and complexity of these coordinated proceedings, Plaintiff respectfully requests that this motion should be granted in its entirety.

///

---

[1] As fully set forth below, moving party herein seeks judicial notice that plaintiffs in the *Von Koenig* action have been aimlessly prosecuting a "forfeited" corporate entity for the past six months. The proper defendant entity, that is a defendant in the action pending in the *Cadwell* case, is Dr. Pepper Snapple Group, Inc. ("Dr. Pepper Snapple").

-1-

## II. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Dr. Pepper Snapple Group, Inc. ("Snapple") derives the vast majority of its income through the sale of its "all natural" juice and tea beverages. Contrary to the representations set forth on the product packaging, the Snapple line of "all natural" juice and tea beverages are not all-natural. Snapple similarly misrepresents that its juice and tea beverages at issue contain ingredients that in actuality do not exist in the beverages. Notwithstanding, many grocery stores and convenience stores throughout California offer these products for sale that are mislabeled and essentially sold in violation of California law.

Plaintiff seeks to represent a putative class consisting of persons situated within California who purchased Snapple's "all natural" juice and/or tea beverages. Both cases assert various claims based on Snapple's unlawful misrepresentations that its juice and tea beverages are: (1) "all natural," and (2) that its juice and tea beverages contain ingredients that in actuality do not exist in the beverages.[2]

The first-filed action, *Von Koenig v. Snapple Beverage Corp.*, Case No. 2:09-cv-00606-FCD-EFB, was filed March 4, 2009 in the Eastern District of California and assigned to the Honorable Frank C. Damrell, Jr.[3] The attorney representing Von Koenig is a solo practitioner, George Baker, who is located in Alabama and was admitted to the California Bar in 2003. Mr. Von Koenig is also represented by two *pro hac vice* counsel, Kenneth Jackson and Joseph Tucker, who are Alabama attorneys also located in Alabama. On August 18, 2009, the plaintiff in the *Von Koenig* case filed a First Amended Complaint.

Three days later, the second filed action, *Cadwell v. Dr. Pepper Snapple Group, Inc*, (SDCA) Case No. 3:09-cv-01826-L-NLS, was filed in the Southern District of California and assigned to the Honorable M. James Lorenz.

Snapple has yet to file an answer in either case (a motion to dismiss that was filed by Snapple was denied as moot by the filing of a First Amended Complaint on August 18, 2009).

---

[2] For example, the Snapple Acai Mixed Berry red tea drink is sold with prominent pictures of berries on the front label; however, the product has no acai berry juice (an exotic fruit with purported antioxidant qualities), no raspberry juice, and no strawberry juice. The only juice listed on the ingredient list is pear juice.

[3] According to the California Secretary of State, Snapple Beverage Corporation is a legally forfeited entity.

- 2 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE
3:09-cv-01826-L-NLS

## III. ARGUMENT

### A. These Related Actions Should Be Consolidated For All Purposes

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. See Manual for Complex Litigation ("MCL"), Fourth, § 11.631, at pp. 121-22 (2004) ("MCL"); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. 139, 141 (9th Cir. 2005); *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). Subdivision (a) of this rule relating to consolidations of actions for trial was designed to encourage consolidations where possible. *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *certiorari granted*, 326 U.S. 714, *aff'd*, 328 U.S. 654, *reh'g denied*, 329 U.S. 818, *petition denied*, 322 U.S. 834. This Court has broad discretion under this rule to consolidate cases within this district. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ["A court has broad discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored."](citations omitted).

Courts have recognized that putative class actions are particularly well-suited for consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved. *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 773 (9th Cir. 1977); *Owen v. Labor Ready Inc.*, 146 Fed.Appx. at 141 (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). Consolidating class action suits simplifies pretrial and discovery motions, class action issues, and clerical and administrative management duties. Consolidation also reduces the confusion and delay that may result from prosecuting related putative class actions separately. *Id.*

Both Plaintiffs seek to represent a putative class consisting of persons located within California who purchased Snapple's "all natural" juice and/or tea beverages. Both cases assert various claims based on Snapple's unlawful misrepresentations that its juice and tea beverages are 1.) "all natural"; and 2.) that its juice and tea beverages contain ingredients that in actuality do not exist in the beverages. Both Actions purport to name the same defendant, the maker of

- 3 -

Snapple juice and tea beverages, and involve substantially similar factual and legal issues. As noted above, consolidation is appropriate where – as here – there are actions involving common questions of law or fact. Fed. R.Civ.P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Given the substantial overlap on the factual and legal issues presented in the Actions, that test is met here and, accordingly, the Actions should be consolidated.

### B. Appointing Interim Lead Class Counsel is Appropriate Under Rule 23(g) and Will Protect the Interests of the Putative Plaintiff Class

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where, as here, there are multiple class actions pending, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *MCL*, § 21.11.

### C. The Litigation in Both Case Is at Approximately the Same Stage As "Snapple" Has Yet to File an Answer

As an initial matter, although Mr. Von Koenig filed the *Von Koenig* case approximately five months prior to the filing date of the *Cadwell* case, he has essentially been wasting time in prosecuting a corporate entity with a "forfeited" status in California. *See* Exhibit A to Plaintiff Guy Cadwell's Request for Judicial Notice. The proper and "active" Snapple defendant that is being pursued in the *Cadwell* case is Dr. Pepper Snapple Group, Inc.

That being said, both cases are at essentially the same point in the litigation lifecycle in that "Snapple" (to include both variants) has yet to file an answer to the operative complaint in either action. It is anticipated that "Snapple" will soon file virtually identical motions to dismiss in each action, based on identical legal theories. In addition, no discovery has been conducted to date in either case.

Accordingly, Plaintiff respectfully submits that this Court should give no weight or preference based on the mere fact that the *Von Koenig* case was filed approximately five months

prior to the filing of the *Cadwell* case. In fact, a quick review of the California Secretary of State's website would have saved Mr. Von Koenig and potential class members months of time and effort (time and effort that class counsel will presumably attempt to recover in any motion for attorneys' fees).

It is unknown why Mr. Von Koenig elected to prosecute his claims against a "forfeited" California corporate entity, but it may be based in large parts that his counsel, all essentially Alabama attorneys, are unfamiliar with the California Secretary of State's Office and obtaining critical information regarding the defendant entities they are pursuing.

### D. Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class

Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the following factors set forth in Rule 23(g)(1)(A): (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. *See Parkinson v. Hyundai Motor Am.*, 2006 WL 2289801, No. C06-0345 AHS, slip op. at *2 (C.D. Cal. Aug. 7, 2006). No single factor is determinative; all factors must be considered. Advisory Committee Notes (2003 Amendments). As set forth below, Gordon & Rees, LLP ("Gordon & Rees") and Del Mar Law Group, LLP ("DMLG") (collectively "Proposed Interim Class Counsel") satisfy each of these criteria and are committed to fairly and adequately representing the interests of the class.

#### 1. *Proposed Interim Class Counsel Have Taken Significant Step to Advance this Litigation*

Proposed Interim Class Counsel have already taken significant steps to identify and investigate Plaintiff's claims and to advance this litigation. Although they were not the first to file a claim against Snapple for misrepresenting its advertising and labeling of its juice and tea

- 5 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE
3:09-cv-01826-L-NLS

beverages, Proposed Interim Class Counsel is better equipped, has more resources and are located in the same city where the Caldwell Case is filed. They intend to hire industry experts and have performed substantial work investigating the merits of the claims. Shortly after their cases were filed, proposed interim lead counsel began organizing and streamlining the litigation by preparing and filing this motion and filing a Notice of Related Cases. Plaintiffs' counsel's early efforts in the Cadwell case have laid the groundwork for the filing of a single consolidated complaint for all related actions.

### 2. *The Proposed Interim Class Counsel Have Extensive Complex Class Action Experience*

#### a. **Gordon & Rees, LLP**

The law firm of Gordon & Rees has represented plaintiffs and defendants in class actions for over twenty years, specializing in complex litigation, including federal multidistrict litigation. Gordon & Rees also has five offices in California, including Sacramento and San Diego. Its attorneys have extensive experience in antitrust, consumer protection, securities fraud, and unlawful employment practices. Specifically, attorney M. D. Scully of Gordon & Rees, who will be supervising all litigation in this matter is a senior partner and a member of the Gordon & Rees executive committee. Mr. Scully is an award-winning trial attorney who has tried numerous jury and non-jury cases, and has received Martindale-Hubbell's highest possible rating (AV) for his lawyering and professionalism. See Declaration of M. D. Scully, ¶ 2.

He has been named one of the Top Ten Business Trial Attorneys by The Daily Transcript, a Southern California business publication. In 2009, 2008 and 2007, Law & Politics magazine named Mr. Scully a "Super Lawyer" in its research of the top 5% of Southern California lawyers in the category of Business Litigation. Mr. Scully was in the Top 50 receiving the highest point totals in the balloting process. *Id.* at ¶ 3. During the course of his career, Mr. Scully has successfully litigated complex commercial, employment, and environmental cases that have involved hundreds of millions of dollars in controversy. Furthermore, Mr. Scully has had significant class action, trial and litigation experience. He has been licensed to practice law in all Courts in the State of California since 1998. Over the past

fifteen years, he has been actively involved in the representation of both plaintiffs and defendants in dozens of complex class action cases pending in federal and state courts. *Id.* at ¶ 4.

Most recently while serving as class counsel, Mr. Scully personally litigated *Firm Solutions, APC v. Lyon Financial Services, Inc.*, Superior Court, County of San Diego, Case No. GIC 831065, to successful resolution. The case involved claims predicated on Lyon Financial Services, Inc.'s ("Lyon") violations of California consumer laws, including California's Unfair Competition Law, based on the systematic overcharging of Lyon's lessees. *Id.* at ¶ 5.

The national class settlement[4] provided a benefit to the class in the range of $100 million dollars and represented a nearly 80% recovery rate to the Class with respect to overcharges. The settlement provided nationwide relief. Mr. Scully was able to negotiate a successful settlement for the California class and after California class issues had been resolved, he continued to negotiate to finally arrive at a superior nationwide settlement involving additional fees and charges. The settlement was the result of four years of hard fought litigation, first by Sheppard Mullin, and later in companion cases with the addition of Morrison & Forester, that involved a vigorous defense at literally every stage of the litigation—be it pleadings, discovery, class certification, class notification, trial preparation, in *limine* and trial. At the pleading stage, for example, Lyon filed four demurrers and motions to strike, each requiring specialized legal analysis with respect to nationwide class action issues. *Id.* at ¶ 6.

Other notable cases include litigation against UPS. Six and a half years ago, Mr. Scully agreed to represent small business franchisees against one of the largest corporations in the world. Despite being outspent monetarily, Mr. Scully's leadership resulted in two favorable Court of Appeal opinions reversing summary judgment and resulting in a nationally certified class action. Mr. Scully also orchestrated the dismissal of 13 temporary restraining orders filed in federal courts throughout the nation seeking to put his clients out of business. *Id.* at ¶ 7.

He has also tried other significant class actions, most notably the Airgas class action in San Diego Superior Court, which had over $120 million in controversy. He was class counsel in three class actions involving Collateral Protection Insurance claims resulting in significant class

---

[4] Except for Alabama.

-7-

1  settlements. In one, the settlement funds available to the class were approximately $16 million.
2  In another, the funds available to the class were approximately $2.9 million dollars. Mr. Scully
3  has also had extensive experience serving as defense counsel in class actions as well. He has
4  represented the City of San Diego, Bosch Corporation and Urban Outfitters, to name a few. *Id.*
5  at ¶ 8.

   The attorneys from Gordon & Rees who will be working on this case include M. D.
7  Scully, Allison Borts, and Camille Joy DeCamp. *Id.* at ¶ 9; Exhibits A-D thereto for a full firm
8  biography and individual profiles of each attorney.

### b. Del Mar Law Group, LLP

Del Mar Law Group, LLP is a consumer class action law firm situated in Del Mar,
California. The firm has been certified as class counsel in multiple California class action cases,
including, but not limited to the following:

   (a)  *Goestl v. Thunder Power, Inc.*, San Diego Superior Court, Case No. GIC879513;

   (b)  *Hofmann v. Horizon Hobby, Inc.*, San Diego Superior Court, Case No. GIC881803; and

   (c)  *Cleary v. Door to Door Storage, Inc.*, San Diego Superior Court, Case No. GIC875359.

See Declaration of John H. Donboli, ¶ 2.

Del Mar Law Group, LLP attorneys have the experience to work collaboratively with
interim class counsel as well. Currently Del Mar Law Group, LLP is working cooperatively with
interim class counsel based in Kansas on federal antitrust against currently pending against Time
Warner Cable company in the Southern District of New York (In Re: Set-Top Cable Television
Box Antitrust Litigation, MDL No. 1995 (Lead Case No.08 Civ. 7616(PKC). *Id.* at ¶ 3. The
attorneys from Del Mar Law Group, LLP who will be working on this case include John H.
Donboli and JL Sean Slattery. *Id.* at ¶ 4.

27  / / /
28  / / /

### 3. The Proposed Interim Class Counsel Have the Resources Necessary to Advance this Litigation

As demonstrated by the excellent results achieved in past cases, proposed interim lead class counsel are committed to providing the resources required to prosecute this litigation through all phases, including rigorous motion practice, discovery, class certification, summary judgment and trial. Application of the Rule 23(g)(1)(A) factors strongly supports appointing Gordon & Rees as interim class counsel. The *Lyon* case, referenced above, exemplifies the dedication and perseverance required by class counsel to pursue class claims to trial so that maximum benefits are obtained for the class.

The Lyon case was filed on June 7, 2004 and four years of hard fought litigation ensued. It was only at this time, on the eve of jury selection, after three years of litigation, that the case was resolved. See Declaration of M. D. Scully, ¶¶ 5-6.

Simply stated, the proposed firms have numerous offices located throughout the country with highly experienced attorneys and support staff. The firms have a national presence and a solid rapport with other plaintiffs' counsel as well as with defense counsel. These firms are skilled at dealing cooperatively with each other, maximizing efficiency, and know how to avoid unnecessary cost and expense. Because Gordon & Rees is located within this District, they will be in a position to participate in hearings, conferences, and other activities with the Court and defense counsel in an efficient manner.

### 4. Plaintiff Guy Cadwell is an Ideal Class Representative

Plaintiff is an outstanding member of the San Diego business community with no improper ties to proposed class counsel (e.g., no familial or marital relationship with any attorney and/or staff member of either law firm). Plaintiff selected highly experienced attorneys to prosecute his claims and potential class members' claims in this action.
He is not currently involved in any litigation and can adequately dedicate time to work with class counsel in prosecuting class claims. Mr. Cadwell previously served as the putative class representative in one action, a case based on violations of the Fair and Accurate Credit Transaction Act ("FACTA") in 2007, styled as *Cadwell v Dallo & Co., Inc.* (S.D. Cal.), Case

No. 07CV00777-BEN-AJB. The case was resolved prior to class certification based on multiple District Courts in California refusing the certify FACTA cases based on the theory of "annihilating" damages. Mr. Cadwell is certainly not the proverbial "professional" class representative that should be avoided in cases such as these.

### E. A Multi-Firm Structure is Beneficial for Plaintiffs and Putative Class Members

Given the scope and complexity of this matter, Plaintiff believes a multi-firm structure will best serve the interests of Plaintiff and the proposed plaintiff class. Leading commentators and the Manual for Complex Litigation advise: "court[s] should be cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel, especially in a complex case where the defendants are represented by a number of large and highly qualified law firms." Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL, § 10.221 (noting benefit to having multiple lead counsel in large class action cases). For these reasons, federal district courts frequently approve multi-firm leadership structures in complex class actions. *See, e.g., In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *see also In re DRAM Antitrust Litig.*, 2006 U.S. Dist. LEXIS 39841, *53 (N.D. Cal., June 5, 2006) (appointing three-firm structure as co-lead counsel); *In re Intel Corp. Microprocessor Antitrust Litig.*, 526 F.Supp.2d 461, 464-65 (D. Del. 2007) (MDL No. 05-1717) (appointing multi-firm structure that allows "drawing upon a greater pool of resources" which "could prove to be especially beneficial in a large and complex case such as this").[5]

Here, a multi firm structure is not only beneficial, but it may also be critical for the success ***and efficient management*** of a case of this size and magnitude. This case presents

---

[5] Courts have also noted the "benefit of joint decision-making" afforded by multiple representation in the class action context. *See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 420 (S.D.N.Y. 2004).

many complex legal and factual issues, including complex legal issues pertaining to whether FDA regulations preempt Plaintiff's and proposed class members' state law claims.

This case also involves one of the largest tea and beverage companies in the country, represented by some of the largest and most experienced defense firms with the resources and staff to defend the case. There are likely to hundreds of thousands (if not millions) of pages of documents produced that will require knowledgeable persons to review them in a concentrated period of time. The parties will retain experts in a number of areas, including statistics, advertising, marketing, liability, and damages. In addition, there will be extensive motion practice and a complicated path to settlement or trial. Needless to say, associated with all of these tasks will be significant financial obligations that will be shared amongst the two proposed firms.

Plaintiff proposes a multi-firm leadership structure comprised of attorneys with proven commitment to responsible advocacy in consumer protection, false advertising, and class action matters. Together, these firms offer the benefits of efficiency and experience that the complexity of the case demands. In this instance, Plaintiff and putative class members will have the best opportunity for success if they have the benefit of the ***combined*** experience, knowledge, and resources of a leadership team comprised of the proposed firms.

### F. The Court Should Order the Consolidation of Pleadings and Set a Deadline for the Filing of Plaintiffs' Consolidated Complaint

Rule 42(a) provides courts with the power to order the consolidation of pleadings in those instances where doing so "may tend to avoid unnecessary costs or delay." It is beyond question that the consolidation of pleadings would serve that purpose here especially given that the *Von Koenig* case is currently being prosecuted against a "forfeited" defendant entity. Plaintiff is required to amend the pleadings, in pertinent part, to direct Plaintiff and class members' legal claims against Dr. Pepper Snapple Group, Inc.

Consolidated pleadings will also permit the Court to receive memoranda and hear argument directed to one coherent pleading. Thus, for example, consideration of class action issues will be made considerably easier by a consolidated complaint, because the Court will not

1  have to go through varying and conflicting class allegations that may have been stated in each
2  separate complaint. The burdens of discovery management will also be lessened if consolidated
3  pleadings can serve as a reference point. Even mundane clerical and administrative tasks will be
4  made much less burdensome to counsel and the Court by the use of a consolidated complaint.
5      As such, Plaintiff respectfully requests leave to file a Consolidated Class Action
6  Complaint with the Court within 30 days after the entry of an order appointing lead counsel.
7  Plaintiff further proposes that Dr. Pepper Snapple Group, Inc. should file its response to the
8  Consolidated Complaint within 30 days after the filing of the Consolidated Class Action
9  Complaint. A Consolidated Complaint will promote the expeditious resolution of pleading
10 matters, since any motions directed to the pleadings will be heard on a single hearing date to be
11 set by the Court and will relate to only one set of pleadings. Such procedures will not only
12 simplify the presentation of any issues desired to be raised by defendant concerning the
13 sufficiency of the complaint, but will also avoid duplicative motions and hearings and
14 unnecessary delay in the resolution of such issues. Based on conversations with counsel for Dr.
15 Pepper Snapple, it appears that a virtually identical motion to dismiss will be filed in the *Cadwell*
16 case (as was filed in the Von Koenig case on June 5, 2009).
17     Entry of the proposed order will therefore assist the Court by providing for the orderly,
18 cost effective, and timely prosecution of these related actions.
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV. CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff respectfully request that the Court order consolidation of the Actions, appoint Plaintiff's selected interim class counsel, and permit Plaintiff to file a Consolidated Complaint 30 days after the entry of an order appointing lead counsel.

Dated: September 18, 2009

GORDON & REES, LLP

By: /s M. D. Sully
M. D. SCULLY
ALLISON F. BORTS
CAMILLE JOY DECAMP
Attorneys for Plaintiff GUY CADWELL
and all others similarly situated

DEL MAR LAW GROUP, LLP

By: /s John H. Donboli
JOHN H. DONBOLI
JL SEAN SLATTERY
DEL MAR LAW GROUP, LLP
Attorneys for Plaintiff GUY CADWELL
and all others similarly situated