**BAKER LAW PC**
G. Richard Baker (SBN 224003)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608
205.449.0050 facsimile
Richard@Bakerlawpc.com

**JACKSON & TUCKER PC**
K. Steven Jackson (admitted *pro hac vice*)
Joseph L. Tucker (admitted *pro hac vice*)
Michael L. Allsup (*pro hac vice* pending)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535

*Attorneys for Plaintiff of others similarly situated*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| FRANCES VON KOENIG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAPPLE BEVERAGE CORPORATION,<br><br>Defendant. | CIVIL ACTION CASE NO: 09-CV-00606 FCD EFB<br><br>**RESPONSE TO GUY CADWELL'S MOTION TO CONSOLIDATE RELATED CASES; AND APPOINT INTERIM LEAD COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(2)**<br><br>Judge: Hon. Frank C. Damrell, Jr.<br>Date: December 11, 2009<br>Time: 10:00 a.m. PST<br>Court: 2 |

1

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

## TABLE OF CONTENTS

I. PROCEDURAL HISTORY..........................................................................................4

II. ARGUMENT................................................................................................................5

    A. The Cases Should Be Consolidated For Judicial Efficiency........................5

    B. Plaintiff *Von Koenig* And Her Counsel Are Adequate And Will Fairly Represent The Interests Of the Plaintiff And Class........................6

        1. *Von Koenig's* Counsel Have Investigated This Case Diligently and Thoroughly..........................................................8

        2. *Von Koenig's* Counsel Have The Extensive Experience To Serve as Lead Interim Counsel.................................................8

        3. Counsel Have The Resources Needed To Serve As Class Counsel.............................................................................9

        4. *Von Koenig* Is An Adequate Plaintiff to Represent Class............10

III. CONCLUSION..........................................................................................................10

2

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

# TABLE OF AUTHORITIES

**CASES:**

*Hill v. The Tribune Co.*,
  2005 WL 3299144, (N.D. Ill. Oct. 13, 2005) ...................................................................7

*In re Air Cargo Shipping Services Antitrust Litig.*,
  240 F.R.D. 56 (E.D.N.Y. 2006) ........................................................................................7

*In re Korean Airlines Antitrust Litig.*,
  (MDL No. 1891) (C.D. Cal.) .............................................................................................7

*In re Processed Egg Products Antitrust Litigation*,
  02:2008-md-02002-GP (E.D. Pa.)
  Pretrial Order No. 4" .........................................................................................................7

*In re Rail Fuel Surcharge Antitrust Litig.*
  (MDL No. 1869), 1:07-mc-00489-PLF-JMF (D.D.C),
  "MEMORANDUM OPINION AND ORDER" (Mar. 11, 2008) ................................................7

*Parkinson v. Hyundai Motor Am.*,
  2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ..........................................................7

**RULES:**

Federal Rule of Civil Procedure 23(g) ...............................................................6, 7, 8, 10

Federal Rule of Civil Procedure 42(a) ........................................................................4, 5, 6

Local Rule 83-123(b) E.D.C.A. ..............................................................................................5

**OTHER AUTHORITY:**

Manual for Complex Litigation (4TH) § 21.11, at 246 (2004) ..............................................6

Federal Rule of Civil Procedure Rule 23(g)(1), *Advisory Committee Notes* (2003) .........7, 8

3

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

Plaintiff, Frances Von Koenig, individually and on behalf of others similarly situated, by and through counsel, submits her response to Guy Cadwell's *Motion to Consolidate and Appoint Interim Lead Counsel.*

## I.     PROCEDURAL HISTORY

Plaintiff, Frances Von Koenig, brought this action on March 4, 2009. Plaintiff Von Koenig's *Complaint* alleges violations of California's UCL, FAL, and CLRA, for mislabeling their drink products as "All Natural" when they contain High Fructose Corn Syrup (HFCS), as well as other man-made ingredients. The Von Koenig *Complaint* also alleges similar violations regarding Defendant's fruit products; despite the name and depiction of fruit(s) on the product packaging, some or all do not contain a substantial amount (or any) of the fruit labeled or depicted on the packaging. (Doc.2). Plaintiff Von Koenig filed her *First Amended Complaint* on August 18, 2009. (Doc.35).

A nearly identical copycat case was filed in the Southern District of California on August 21, 2009, nearly six (6) months after the original Von Koenig *Complaint* was filed, and only three (3) days after Von Koenig filed her *First Amended Compliant*. The Cadwell case is styled *Cadwell v. Dr. Pepper Snapple Group, Inc.*, 2:09-cv-02955-GEB-KJM.[1] (Doc.1–*Cadwell*). Even a cursory review of the *Cadwell* Complaint reveals a striking similarity to the instant action. (Doc.1 *Cadwell* action). Both cases purport to represent a substantially similar class of California consumers who purchased the drink products at issue.

At the time, even though not pending in the Eastern District of California (*where Plaintiff Von Koenig's Complaint was filed and has pending since March of 2009*), *Cadwell* improperly moved to consolidate the two actions on September 18, 2009, pursuant to Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE; again, despite the fact the cases were pending in different federal districts. (Doc.

---

[1] Contrary to *Cadwell's* assertion that she had named the wrong Defendant, *Von Koenig* has pursued the proper party Defendant since the inception of this case; despite *Cadwell's* assertions, Snapple Beverage Corporation is an active corporate entity in California. However, based upon information from defense counsel, *Cadwell* has likely sued the wrong legal entity. Combined with *Cadwell's* previous, erroneous Motion to Consolidate, the Court should look upon the instant Motion with great skepticism. (Ex.B–Baker Declaration).
BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

*Frances Von Koenig v. Snapple Beverage Corporation*
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

46). Apparently realizing their procedural error, on October 21, 2009, *Cadwell* filed a *Motion to Change Venue to The Eastern District of California.* (Doc.16–*Cadwell*). The motion was granted on October 22, 2009. (*Doc.*17–Cadwell). Ms. Von Koenig, through counsel, opposed *Cadwell's* motion to consolidate on procedural grounds, as did counsel for Snapple (*ie., cases were not pending in the same judicial district-fundamentally flawed as improper procedure under the rules*). *Von Koenig* did not address *Cadwell's* request to be appointed interim lead counsel in her Opposition, as the issue was moot in light of *Cadwell's* erroneous motion. (Doc.47). This Honorable Court, obviously recognizing that *Cadwell* moved to transfer venue to this Court <u>*after*</u> the briefing was complete, entered an *Order* requiring *Cadwell* to re-notice the hearing date for the petition to be appointed interim lead counsel, thereby rightfully giving counsel for Plaintiff Von Koenig time to address the interim lead counsel issue.

## II. ARGUMENT

### A. THE CASES SHOULD BE CONSOLIDATED BEFORE JUDGE DAMRELL

While Plaintiff Guy Cadwell improperly interjected himself in the instant action prior to transfer to this District previously by way of his Rule 42(a) based petition, presently both cases are properly pending in the Eastern District of California and it is procedurally proper to consolidate the actions pursuant to Local Rule 83-123(b) and Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE. [Doc.18–Cadwell] Plaintiff Von Koening acknowledges that the prerequisites for consolidation are met pursuant to Local Rule 83-123(b) and Rule 42(a), and that the cases should be consolidated before this Honorable Court; the cases involve the same Defendant, the respective class complaints each purports to represent are substantially similar, and the claims and causes of action are strikingly similar. Indeed, the *Cadwell* Complaint is nearly identical to Plaintiff Von Koenig's *First Amended Complaint.*[2]

---

[2] One questions the motivation of *Cadwell*, knowing that his interests and those similarly situated are already being protected by the *Von Koenig* action. While copy-cat lawsuits are not uncommon in class actions, they obviously are driven by counsel who filed the "copy-cat" and the easy opportunity to get an attorney fee riding in on the hard work and boot straps of the original filer. Plaintiff Cadwell appears to be an attempting to "commandeer" this case by way of petitioning this Honorable Court to be appointed class representative and his lawyer's as interim lead counsel. Such conduct should not be rewarded by the court.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

Consolidation is the most efficient means to proceed. The proceeding in the *Von Koenig* action is more advanced than the *Cadwell* action, which has only recently been transferred to this Honorable Court. In fact, no substantive proceedings have taken place since the filing of the *Cadwell* "copy-cat" Complaint. In *Von Koenig,* the parties have already participated in mediation at JAMS in San Francisco. In addition, the Defendant has filed a *Motion to Dismiss*, which has been opposed (*fully briefed*) by Plaintiff Von Koenig, among other proceedings.

For these reasons the *Cadwell* action should be consolidated with the first filed *Von Koenig* action in the interests of judicial economy.

**B.  PLAINTIFF VON KOENIG AND HER COUNSEL ARE ADEQUATE AND WILL FAIRLY REPRESENT THE INTERESTS OF THE PLAINTIFF CLASS**

*Cadwell* initially improperly interjected himself through counsel in this case by filing a *Motion to Consolidate* under Rule 42(a) of the FEDERAL RULES OF CIVIL PROCEDURE, despite the fact that the two cases were pending in different federal district courts. Now *Cadwell* seeks to be appointed lead counsel after copying the *Plaintiff Von Koenig's Complaint*, as amended, and after *Von Koenig* has engaged in more than six (6) months of litigation and a formal mediation with defense counsel via JAMS in San Francisco. Permitting this sort of behavior would have a chilling effect on class actions, as initial counsel would be reluctant to spend the time and money investigating wrongful business practices where a copy-cat firm can come in later and be rewarded for merely copying work product of the original from that ferreted out the wrongful conduct in the first place.

FEDERAL RULE OF CIVIL PROCEDURE 23(g) provides that even before motions to certify a class have been filed, the Court may designate interim class counsel to represent the interests of the alleged class in initial proceedings, including the filing of a consolidated complaint, scheduling, compliance with Rule 26, initial motion practice and discovery. See MANUAL FOR COMPLEX LITIGATION (4TH) § 21.11, at 246 (2004) (*when "a number of lawyers may compete for class counsel appointment," the "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."*).

6

*Frances Von Koenig v. Snapple Beverage Corporation*
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

It is common practice for courts to designate interim class counsel prior to the filing of a consolidated complaint. See, e.g., *In re Rail Fuel Surcharge Antitrust Litig.* (MDL No. 1869), 1:07-mc-00489-PLF-JMF (D.D.C), "Memorandum Opinion and Order" (Mar. 11, 2008); *In re Korean Airlines Antitrust Litig.*, MDL No. 1891 (C.D. Cal.) (*appointing co-lead interim class counsel before any ruling by the Judicial Panel on Multidistrict Litigation as to pre-trial consolidation and transfer of cases filed in different districts*); *In re Processed Egg Products Antitrust Litigation*, "Pretrial Order No. 4," 02:2008-md-02002-GP (E.D. Pa.) (*same*).

While neither Rule 23(g) nor the ADVISORY COMMITTEE NOTES explicitly state the standards to be applied in choosing interim class counsel, courts have held that the same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel. See *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("*Although neither the federal rules nor the advisory committee notes expressly so state, it appears to be generally accepted that the considerations set out in [Fed. R. Civ. P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.*"); see also *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("*Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however.*"); see also *Hill v. The Tribune Co.*, No. 05 C 2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("*Rule 23(g) provides criteria to consider when appointing class counsel. No distinction is made regarding appointing interim counsel.*").

As to selection of class counsel, Rule 23(g)(1) provides:

In appointing class counsel, the court:

(A) must consider:
(I) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources counsel will commit to representing the class;
(B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

(C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
(D) may include in the appointing order provisions about the award of attorney's fees or nontaxable costs under Rule 23(h); and
(E) may make further orders in connection with the appointment. FED. R. CIV. P. 23(g)(1).

Class counsel should "fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(4); see FED. R. CIV. P. 23(g)(2). "In evaluating prospective class counsel, the court should weigh all pertinent factors. No single factor should necessarily be determinative in a given case." Rule 23(g)(1) ADVISORY COMMITTEE'S NOTE (2003). Because counsel more than satisfy these criteria, the Court should appoint them as lead interim counsel.

### 1. Plaintiff Von Koenig's Counsel Have Investigated this Case Diligently and Thoroughly.

On behalf of its client, and the putative Class, Plaintiff Von Koenig's counsel, the undersigned, have thoroughly investigated the facts alleged as in her *Complaint*, as amended. Notably, the undersigned have already filed a lengthy *Opposition to Defendant's Motion to Dismiss*, and participated in mediation with Defendant Snapple before Retired Judge Ronald Sabraw (JAMS - San Francisco, California), on September 30, 2009. Thus, counsels' knowledge and understanding of the facts and legal claims at issue cannot be reasonably challenged, nor can their diligence.

To the extent that Plaintiff Cadwell's counsel claims they should be appointed lead counsel because they initiated this litigation by virtue of an extensive investigation, that claim would be exaggerated. Many (if not all) of the facts alleged in Plaintiff Cadwell's *Complaint* at the time it was filed were a matter of public record by way of Plaintiff Von Koenig's *Complaint*, as amended . Even a cursory review of Plaintiff Cadwell's *Complaint* reflects the "copycat" nature of Plaintiff Cadwell's allegations.

### 2. Plaintiff Von Koenig's Counsel Have the Experience Necessary to Serve as Lead Counsel and Have Extensive Knowledge of the Applicable Law.

The undersigned counsel have substantial and extensive experience in class action and complex litigation such as this, and have successfully represented plaintiffs in other class actions, mass torts and/or complex cases throughout the county, including the State of California. See Exhibit A to Baker

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

8

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 TCD EFB

Decl. and Jackson Decl. Specifically, Attorney Richard Baker, a licensed California attorney has prosecuted numerous consumer fraud cases (unfair and deceptive trade practices; false and/or misleading advertising; etc.), including trying two (2) such false and misleading advertising cases to verdict. In addition, the attorneys with JACKSON & TUCKER, P.C., have prosecuted numerous class action and complex, mass tort cases. In addition, all of Plaintiff Von Koenig's counsel of record are directly participating in the prosecution of this class action. Additional attorneys and law firms is unnecessary to effectively litigate this case, and would simply be overkill and complicate what is otherwise a rather simple class action case.

To-date, Plaintiff Von Koenig's counsel have filed:

- A *Class Action Complaint* (March 4, 2009);
- A *First Amended Class Action Complaint* (August 18, 2009);
- An *Opposition to Defendant's Motion to Dismiss*, fully briefed (August 6, 2009);
- A lengthy mediation statement (*mediation conducted on September 30, 2009, before Retired Judge Ronald Sabraw, JAMS San Francisco, California, approximately one (1) month after Plaintiff Cadwell filed his initial Complaint*); and
- An *Opposition to Consolidation*, fully briefed with exhibits (October 13, 2009).

Plaintiff Von Koenig's counsel are more than qualified to serve as lead interim counsel and have already demonstrated their knowledge of the law applicable to this action. Moreover, as recognized by defense counsel, the *Von Koenig* action is much further advanced than the later filed *Cadwell* action. Indeed, *Cadwell* has only filed their initial Complaint to date. Consequently, Ms. Von Koenig's counsel clearly possess the necessary and adequate experience as class action/complex/mass tort litigators and trial attorneys, and should be appointed interim class counsel. *see* Ex. A to Baker Decl; Jackson Decl.

### 3. Plaintiff Von Koenig's Counsel Have the Resources Needed to Serve as Class Counsel.

The firms that represent Ms. Von Koenig and the putative Class possess the necessary resources to carry out their obligations as a lead counsel. See Ex. A to Baker Declaration, and Jackson Decl.) (*listing numerous large class action and complex mass tort cases the undersigned law firms have*

9

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

*litigated*). Of special note is the large number of California cases litigated, two of which were tried to verdict, that were substantially similar to this action. (Ex. A Baker Decl.). Those cases involved the identical statutes at issue here. These representative cases involved false and deceptive advertising of wood in furniture, thread counts in linens, vitamins, health products and jewelry. (Ex. A Baker Decl.). Most notably, undersigned counsel is litigating cases in Florida and California against AriZona Iced Tea where the allegations are nearly identical to the factual issues in this action. (Baker Decl. and Jackson Decl.). Indeed counsel has the exact kind of case experience that would best serve the putative class.

### 4. Ms. Von Koenig Is An Adequate Class Representative

Ms. Von Koenig is retired, and thus has the time to closely follow the course of this litigation. In addition, she has the interest to be a strong consumer advocate for the putative class. In addition, unlike Plaintiff Cadwell, she actually resides in this Judicial District. Ms. Von Koenig possesses all the necessary criteria for serving as an adequate class representative in this action.

## III. CONCLUSION

For all the reasons set forth herein, this Honorable Court should appoint Frances Von Koenig as the class representative for this action. In addition, the counsel of her choosing are due to be appointed interim lead counsel. Those attorneys, who will all be actively involved in each step of the litigation are: George Richard Baker, Joseph L. Tucker, and K. Stephen Jackson; all of whom have extensive class action experience. The Court should ignore *Cadwell's* principal argument that Von Koenig's counsel are inadequate solely because they do not reside in California. Indeed, it is impossible to live in every jurisdiction where each attorney is licensed to practice. Most certainly, this Court is aware that a class action specialty is a national practice, requiring litigation across the country.

Thus, Plaintiff Von Koenig respectfully requests this Honorable Court appoint her class representative and her counsel, the undersigned, as interim class counsel pursuant to Rule 23(g) of the FEDERAL RULES OF CIVIL PROCEDURE.

////

////

////

10

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

| | |
|---|---|
| Dated: November 23, 2009 | **BAKER LAW** - A Professional Corporation |
| | By: /s/ George Richard Baker |
| | G. RICHARD BAKER (SBN 224003) |
| | Attorney for Plaintiff, Individually and On Behalf of All Others Similarly Situated |

**BAKER LAW PC**
2229 First Avenue North
Birmingham, AL 35203
205.241.9608
205.449.0050 (facsimile)

**JACKSON & TUCKER PC**
K. Stephen Jackson (*admitted pro hac vice*)
Joseph L. Tucker (*admitted pro hac vice*)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535

11

Frances Von Koenig v. Snapple Beverage Corporation
Plaintiff's Response to Motion to Consolidate and Appoint Lead Counsel
09-CV-00606 FCD EFB

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203