1 | M. D. SCULLY (SBN: 135853)
E-mail: mscully@gordonrees.com
2 | ALLISON F. BORTS (SBN: 197895)
E-mail: aborts@gordonrees.com
3 | CAMILLE JOY DECAMP (SBN: 236212)
E-mail: cdecamp@gordonrees.com
4 | GORDON & REES LLP
101 West Broadway, Suite 2000
5 | San Diego, CA 92101
Telephone: (619) 696-6700
6 | Facsimile: (619) 696-7124

7 | JOHN H. DONBOLI (SBN: 205218)
E-mail: jdonboli@delmarlawgroup.com
8 | JL SEAN SLATTERY (SBN: 210965)
E-mail: sslattery@delmarlawgroup.com
9 | DEL MAR LAW GROUP, LLP
2002 Jimmy Durante Blvd., Suite 100
10 | Del Mar, CA 92014
Telephone: (858) 793-6244
11 | Facsimile: (858) 793-6005

12 | Attorneys for Plaintiff: GUY CADWELL, an individual and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES VON KOENIG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>SNAPPLE BEVERAGE CORPORATION,<br><br>Defendant<br><br>GUY CADWELL, an individual and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>DR. PEPPER SNAPPLE GROUP, INC., a Delaware Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Civil Action No.: 09-cv-00606 FCD EFB<br><br>Related to: CIV S-09-2955 FCD EFB<br><br>**CLASS ACTION**<br><br>**AMENDED REPLY IN SUPPORT OF PLAINTIFF GUY CADWELL'S MOTION TO CONSOLIDATE RELATED CASES PURSUANT TO FED.R.CIV.P. 42(A); APPOINT INTERIM CLASS COUNSEL PURSUANT TO FED.R.CIV.P. 23(G)(2); AND SCHEDULE FILING OF CONSOLIDATED COMPLAINT**<br><br>Date: December 11, 2009<br>Time: 10:00 am<br>Courtroom: 2<br>Judge: Hon. Frank C. Damrell, Jr. |

1

## I. INTRODUCTION

Plaintiff Von Koenig and defendant Snapple Beverage Corporation ("Snapple") both oppose plaintiff Guy Cadwell's motion to consolidate ("Motion to Consolidate") for varying reasons. Snapple does not oppose the Motion to Consolidate in principle; rather, it states that it prefers to deal with only one law firm and set an appropriate rate structure for fees and costs. Similarly, Plaintiff Von Koenig does not oppose the Motion to Consolidate in principle; rather, it opposes the proposed leadership structure and seems singularly focused on *losing* the Snapple litigation because, accordingly to Plaintiff Von Koenig, Plaintiff Guy Cadwell is attempting to "commandeer" the litigation from the Alabama attorneys who first filed in California. Both of these arguments miss the point.[1]

As detailed in Plaintiff Guy Cadwell's underlying Motion to Consolidate, <u>the interests of the class</u> will be best served by consolidation and appointment of Gordon & Rees LLP and Del Mar Law Group, LLP as interim class and interim liaison counsel.

## II. ALL PARTIES AGREE THAT THE VON KOENIG AND THE CADWELL CASES SHOULD BE CONSOLIDATED FOR ALL PURPOSES

This Court is proper in consolidating the two actions for all purposes pursuant Rule 42(a) as all parties are in agreement that the interests of the California class are best served by consolidation. As previously set forth in the Motion to Consolidate, this Court has broad discretion under this rule to consolidate cases within this district. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ["A court has broad

---

[1] Since the date of filing the Motion to Consolidate, Snapple's counsel contacted Mr. Cadwell's counsel to explain that Snapple Beverage Corporation (the defendant entity that was in <u>forfeited</u> status with the California Secretary of State website at time of filing the *Cadwell* action) *should be* the defendant in this action because Snapple Beverage Corporation apparently holds the "Snapple" trademarks. That being said, Plaintiff Cadwell was proper in naming Dr. Pepper Snapple Group, Inc. at time of filing and will obtain verification from "Snapple's" counsel prior to filing the proposed Amended Consolidated Complaint. Of significant note, Dr. Pepper Snapple Group, Inc. is a publicly traded company (stock symbol DPS) that is listed on the S&P 500 index with a 6.88 billion dollar market cap. Mr. Cadwell's counsel intends to obtain an agreement from Dr. Pepper Snapple Group, Inc. to either indemnify Snapple Beverage Corporation should Plaintiff and Class Members obtain a favorable result at trial or for this Court to retain jurisdiction over Dr. Pepper Snapple Group, Inc. should Snapple Beverage Group file for bankruptcy during the pendency of this litigation.

discretion in deciding whether or not to grant a motion for consolidation, although, typically, consolidation is favored."]

Given the consensus of all parties, and substantial overlap of factual and legal issues presented in both actions, that test is met here and, accordingly, the two actions should be consolidated.

**III. APPOINTING MR. CADWELL'S SELECTED COUNSEL WILL BEST SERVE THE INTERESTS OF THE PUTATIVE CLASS**

**A. Proposed Interim Lead Class Counsel Will Fairly and Adequately Represent the Interests of Plaintiffs and the Putative Class**

As set forth in the underlying Motion to Consolidate, a multi-firm structure will best serve the interests of the putative class. The proposed firms of Gordon & Rees LLP and Del Mar Law Group, LLP have numerous offices located throughout the country with highly experienced attorneys and support staff. The firms have a national presence and a solid rapport with other plaintiffs' counsel as well as with Snapple's defense counsel. These firms are skilled at dealing cooperatively with each other, maximizing efficiency, and know how to avoid unnecessary cost and expense.

Moreover, Gordon & Rees maintains an office within this judicial district. As such, proposed interim class counsel will be in an ideal position to efficiently participate in hearings, conferences, and other activities with the Court and defense counsel.

The proposed leadership structure and choice of interim class counsel has clear advantages over Ms. Von Koenig's current counsel – Alabama attorneys who do not maintain offices in the District or in California. Ms. Von Koenig's counsel will necessarily incur significant time in travelling to depositions, court hearings, and other litigation activities in the District. These additional costs will potentially detract from the attainability of a class settlement that maximizes value to the California consumer.

/ / /

/ / /

/ / /

### B. The Litigation in Both Cases Is at Approximately the Same Stage As "Snapple" Has Yet to File an Answer

Despite the *Von Koenig* case being filed approximately five months prior to the filing date of the *Cadwell* case, both cases are procedurally at the same point in the litigation lifecycle because "Snapple" has yet to file an answer to the operative complaint in either action. Plaintiff Von Koenig makes much ado of the purported fact that her counsel did "more work" in filing a Complaint and an Amended Complaint. However, this is of no consequence because of the procedural similarities and the misplaced focus of their analysis. The proper analysis, which is completely lacking in Ms. Von Koenig's opposing papers, is the <u>benefit to the class</u>. Undoubtedly, Plaintiff Cadwell's selection of California attorneys who maintain offices within the judicial district will best serve the interests of the class. Furthermore, Snapple's concerns, as set forth below, will be alleviated to some extent by having local attorneys prosecute the case (as opposed to the Alabama attorneys representing Ms. Von Koenig).

### C. Snapple's Concerns Regarding Obtaining Guidance on Fees and Costs Is Warranted Based on Ms. Von Koenig's Counsel's Actions to Date

As detailed in Defendant Snapple Beverage Corporation's Response to Guy Cadwell's Motion to Consolidate Related Cases, Docket No. 55, Ms. Von Koenig's counsel elected to have <u>five attorneys</u> (presumably all travelling from Alabama) to attend initial mediation in the *Von Koenig* case. Id. at p. 6, lines 20-26. This kind of inefficiency and blatant attempt to stockpile attorneys' fees is what unfortunately leads to the general disdain of class action attorneys among the California public.

That being said, counsel for Plaintiff Cadwell is committed to efficiently litigating this case through trial (if so required) based on the following facts: (1) proposed interim class counsel's maintenance of offices within the judicial district, (2) proposed interim class counsel's track record to date of efficiently prosecuting cases to successful resolution with incredible results to the class (an exemplar national class settlement[2] provided a benefit to the class in the range of $100 million dollars and represented a nearly 80% recovery rate to the Class with

---
[2] Except for Alabama.

respect to overcharges). This exemplifies the commitment to efficient and result-orientated class action litigation shown by Plaintiff Cadwell's choice of counsel.

## IV. CONCLUSION

In the interests of judicial economy and for the reasons set forth above, Plaintiff Guy Cadwell respectfully request that the Court order consolidation of the two actions, appoint Plaintiff Cadwell's selected interim class counsel, and permit Plaintiff Cadwell to file a Consolidated Complaint 30 days after the entry of an order appointing lead counsel.

Dated: December 4, 2009　　　　　　　　　　GORDON & REES, LLP

By: /s/ M. D. Scully
　　M. D. SCULLY
　　ALLISON F. BORTS
　　CAMILLE JOY DECAMP
　　Attorneys for Plaintiff GUY CADWELL
　　and all others similarly situated

DEL MAR LAW GROUP, LLP

By: /s/ John H. Donboli
　　JOHN H. DONBOLI
　　JL SEAN SLATTERY
　　DEL MAR LAW GROUP, LLP
　　Attorneys for Plaintiff GUY CADWELL
　　and all others similarly situated