**BAKER LAW PC**
G. Richard Baker (SBN 224003)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608
205.449.0050 (facsimile)
richard@Bakerlawpc.com

**JACKSON & TUCKER PC**
K. Stephen Jackson (admitted *pro hac vice*)
Joseph L. Tucker (admitted *pro hac vice*)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535
205.252.3536 (facsimile
josh@jacksonandtucker.com
steve@jacksonandtucker.com

**WILENTZ, GOLDMAN & SPITZER, PA**
Kevin Roddy (SBN 128283)
Daniel R. Lapinski (admitted *pro hac vice*)
90 Woodbridge Center Drive
Woodbridge, New Jersey
732.855.6066
732.726.4735 (facsimile)
kroddy@wilentz.com
dlapinski@wilentz.com

*Lead Counsel for Plaintiffs and the Putative Plaintiff Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| FRANCES VON KOENIG, GUY CADWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SNAPPLE BEVERAGE CORPORATION, *et al.*,<br><br>Defendant. | CIVIL ACTION CASE NO:<br><br>09-CV-00606-FCD-EFB<br><br><br><br>**PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Plaintiffs' Request A Jury Trial On All Issues Triable By A Jury |

Plaintiffs, by and through counsel, bring this class action both on their own behalf and on behalf of the class comprised of all other individuals similarly situated within the State of California, pursuant to California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL"), California's False Advertising Law Business and Professions Code §§ 17500, *et seq.* ("FAL"), and The Consumers Legal Remedies Act Civil Code § 1750, *et seq.* ("CLRA"), against Snapple Beverage Corporation (Snapple). Plaintiffs assert that Defendant Snapple engaged in the unfair, unlawful, deceptive and fraudulent practice of marketing, promoting and advertising its drink products as "All Natural"when these drink products contain one or more non-natural or artificial ingredients, such as High Fructose Corn Syrup ("HFCS"). Hereinafter, these drink products will be referred to, collectively, as the "natural products". Those products labeled "All Natural," but that contain high fructose corn syrup include, but are not limited to, the following natural products:

a. Peach Iced Tea (Court has taken Judicial Notice of this label);
b. Raspberry Iced Tea (Court has taken Judicial Notice of this label);
c. Acai Blackberry Juice Drink (Court has taken Judicial Notice of this label);
d. Gravity Carrot Infusion;
e. Volcano Indigo Grape Juice Drink;
f. Infusion Mango Tangerine;
g. Velocity Grapefruit Cranberry;
h. Voltage Citron Juice Drink;
i. Fire Energy Dragonfruit Fruit Drink;
j. Rain Agave Cactus Fruit Drink;
k. Earth Grape Cranberry Fruit Drink;
l. Moon Enlightenment Green Tea;
m. Lightening Ginseng Black Tea;
n. Peach Sun Tea;
o. Sun Lemon Lemonade;
p. Raspberry Lemonade;
q. Island Punch Juice Drink;
r. Cranberry Grapefruit Juice Drink;
s. 1999-2000 Final Fruit Fireworks;
t. Hydro Fruit Punch Thirst Quencher;
u. Orangeade Orange Juice;
v. Orangeade;
w. Orangeade Fruit Drink;
x. Orangeade Juice Drink;
y. Raspberry Real Brewed Iced Tea;
z. Mango Madness Cocktail;
aa. Mango Madness Fruit Drink;
ab. Grapeade Grape Juice;
ac. Grapeade Fruit Drink;
ad. Grapeade;
ae. Lemon Flavored Iced Tea;
af. Lemon Iced Tea;

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

| | | |
|---|---|---|
| | ag. | Lemonade Lemon Juice; |
| | ah. | Lemonade; |
| | ai. | Classic Lemonade; |
| | aj. | Super Sour Lemonade; |
| | ak. | Cranberry Flavored Iced Tea; |
| | al. | Kiwi Strawberry Cocktail; |
| | am. | Kiwi Strawberry Fruit Drink; |
| | an. | Kiwi Strawberry Juice Drink; |
| | ao. | Sweet Tea; |
| | ap. | Fruit Punch Fruit Juice; |
| | aq. | Fruit Punch; |
| | ar. | Fruit Punch Fruit Drink; |
| | as. | Pink Lemonade; |
| | at. | Raspberry Flavored Iced Tea; |
| | au. | Raspberry Peach Fruit Drink; |
| | av. | Raspberry Peach Juice Drink; |
| | aw. | Summer Peach Fruit Drink; |
| | ax. | Snapricot Orange Juice Drink; |
| | ay. | Peach Flavored Iced Tea; |
| | az. | Lemonade Iced Tea; |
| | ba. | ½ Lemonade ½ Iced Tea; |
| | bb. | Very Cherry Iced Tea; |
| | bc. | Caffeine Free Iced Tea; |
| | bd. | Cranberry Raspberry Fruit Drink; |
| | be. | Mint Iced Tea; |
| | bf. | Snapple Apple Juice Drink; |
| | bg. | Sky Stamina Passion Fruit Fruit Drink; and |
| | bh. | Meteor Tangelo Fruit Drink.[1] |

I. **INTRODUCTION**

1. Plaintiffs bring this action both on their own behalf and on behalf of a class comprised of of California consumers to redress Defendant Snapple's deceptive, misleading and untrue advertising and unlawful, unfair and fraudulent business acts and practices, and misrepresentations of the quality and contents of the drinks related to the Defendant Snapple's "natural products".

2. As discussed below, as part of a scheme to make its "natural products" more appealing to consumers, boost sales and increase profits, Defendant Snapple prominently stated in marketing, advertising, labeling and packaging that its products were "All Natural".

3. A reasonable California consumer would, therefore, be under the impression and belief that all of the Defendant's drink products so labeled are "All Natural", meaning that the drink products did not contain manmade ingredients; specifically, "HFCS".

---

[1] The list above includes all snapple drink products sold during the class period in California, advertised as "All Natural" on the label but contains high fructose corn syrup.

3

4. Terms such as "All Natural" are used by manufacturers, such as Defendant Snapple, to induce consumers, such as the Plaintiffs and members of the putative class, into believing that the product(s) being described contain(s) only naturally occurring ingredients, contain no chemically altered or man-made ingredients and, therefore, that the product(s) is/are a more healthy choice than competing products.

5. By using this "All Natural" marketing strategy, Defendant Snapple is implying that its products are superior to, better than, more valuable, and more nutritious than competing products.

6. As a direct result of its misleading, deceptive, and untrue advertising and its unlawful, unfair and fraudulent business practices related to the "natural products", Defendant Snapple caused Plaintiffs and other members of the Class to purchase, purchase more of, or pay more for, these drink products than if the products at issue were not mislabeled.

7. Plaintiffs and the members of the putative Class would have made different purchasing decisions had they known that the "All Natural" products contained the artificial ingredient High Fructose Corn Syrup. Alternatively, consumers would have been willing to pay less money for the products if they were not mislabeled. The mislabeling has in turn caused injury to Plaintiff and the putative class.

## II. **PARTIES**

8. Plaintiff Frances Von Koenig is an adult resident citizen of Solano County, California.

9. Plaintiff Guy Cadwell is an adult resident citizen of San Diego County, California.

10. Plaintiffs are consumers and purchasers of several of the "natural products" made the basis of Plaintiffs' First Amended Consolidated Class Action Complaint.

11. During the "Class Period", Plaintiffs and members of the putative class purchased the offending products for their own consumption in Solano County, California, San Diego, California, and elsewhere within the State of California.

12. Plaintiffs are "consumers" and "real parties in interest" as required to bring this action and as set out in Civil Code § 1770 *et seq*. Plaintiffs and the members of the putative class purchased the drink products for personal or household consumption. Moreover, Plaintiffs suffered damage and injury as a result of Defendant Snapple's conduct as alleged above.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

13. Snapple Beverage Corporation's (hereinafter Defendant or Snapple) principal place of business is located in White Plains, New York. Defendant Snapple advertises markets, sells and distributes the products at issue throughout the United States, including in this Judicial District.

### III. JURISDICTION AND VENUE

14. The claims made by the Plaintiffs on behalf of themselves and other members of the Class they purport to represent are brought pursuant to the UCL, the FAL and the CLRA for relief including injunctive relief and restitution well in excess of $5,000,000.00, exclusive of interests and costs. Accordingly, this Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C § 1332(d)(2).

15. This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2)(A), 28 U.S.C. § 1332(a)(1) and 29 U.S.C. § 1367.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events, omissions and harm occurred to Plaintiffs and/or the Plaintiff Class in Solano County, California and in this Judicial District.

17. Plaintiff Von Koenig is a resident citizen of Solano County, California, and thus a resident citizen of this Judicial District.

18. Defendant markets, sells, and distributes its products in this Judicial District and have sufficient minimum contacts so as to be subject it to personal jurisdiction in this Judicial District.

### IV. FACTUAL ALLEGATIONS

19. This action seeks redress for Defendant's deliberate, unlawful, mislabeling and misbranding of drink products as being "All Natural", or similar misrepresentations of Snapple drink products which contain the artificial ingredient, High Fructose Corn Syrup ("HFCS").

20. Defendant is in the business of producing and uniformly marketing beverage products to the general public throughout the United States, including the Plaintiffs, and in many foreign countries.

21. HFCS does not occur naturally, instead it is produced by milling corn to produce corn starch, then processing that corn starch to yield corn syrup, which is almost entirely glucose, and then adding enzymes which change the glucose to fructose. The resulting syrup (after enzyme conversion) contains 90% fructose and is known as HFCS 90.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

22. To make the other common forms of HFCS, the HFCS 90 is mixed with 100% glucose corn syrup in the appropriate ratios to form the desired HFCS. HFCS 55 is commonly used to sweeten soft drinks and other processed foods. The enzyme process which changes the 100% glucose corn syrup into HFCS 90 is complicated and requires at least three steps.

23. First, cornstarch is treated with alpha-amylase to produce shorter chains of sugars called oligosaccharides.

24. Second, glucoamylase breaks the sugar chains down even further to yield the simple sugar glucose.

25. Third, Xylose isomerase converts glucose to a mixture of about 42% fructose and 50-52% glucose with some other sugars mixed in.

26. Defendant Snapple uses HFCS in its products for a variety of reasons, all of which benefit its monetary interests. First, HFCS is often cheaper to use than alternative sweeteners due to the relative abundance of corn and the relative lack of sugar beets, as well as farm subsidies and sugar import tariffs in the United States. Second, HFCS is also easier to blend and transport because it is a liquid. Third, HFCS usage leads to products with a much longer shelf life.

27. The complicated process used to create HFCS does not occur in nature; in fact, no HFCS existed before 1957, the year that the process to create it was invented. Therefore, any product containing HFCS cannot be "All Natural".

28. Furthermore, the molecules in HFCS (and Defendant's "All Natural Products") were not extracted from natural sources, but instead were created through enzymatically catalyzed chemical reactions in factories. Moreover, HFCS is not and cannot be "natural' as it is the subject of many patents in the manufacturing process.

29. Based on the process used to create HFCS, it is misleading to consumers to label products that contain HFCS as "All Natural".

30. Because HFCS is a man-made product that does not occur in nature, its use in Defendant's products which are labeled "All Natural" or similar language is deceptive and misleading to reasonable California consumers, including the Plaintiffs and the members of the Class which they seek to represent.

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

31. Defendant Snapple represents to consumers, including the Plaintiff and members of the Plaintiff Class, that its products are "All Natural" when they are not because they contain high fructose corn syrup.

32. Defendant Snapple does not mention that the "All Natural Products" contain HFCS except in inconspicuous and hard-to-read type in the "Ingredients" statement on the back or sides of these products. They also fail to disclose that HFCS is not a naturally occurring ingredient, nor would it be expected to be in the products at issue as the products are prominently labeled as "All Natural".

33. Defendant Snapple is purposefully mislabeling its products in violation of the UCL, FAL and CLRA.

34. Plaintiffs purchased Defendant's "All Natural Products" numerous times during the "Class Period" covered by this First Amended Consolidated Class Action Complaint.

35. In making these purchases, Plaintiffs were looking for a natural, healthier beverage product.

36. Plaintiffs relied on the representations that the "All Natural Products" they purchased were "All Natural" and reasonably assumed that this representation indicated that these products only contained ingredients found in nature. Plaintiffs did not know that the Defendant's products that contain HFCS are not "All Natural". Had they known they were not "All Natural" they would not have purchased them, or would have been willing to pay less for such products.

37. Plaintiffs naturally and reasonably relied on the labels and advertising created by Defendant Snapple and did not double-check those representations against the ingredient list in small type on the backs of the containers of the offending products.

38. Had Plaintiffs not been deceived by the labels on the products they purchased, they would not have purchased these products, and would have instead purchased alternative drink products.

## V. CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this class action for California consumers pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs bring this action on behalf of themselves and all members of the following class comprised of:

> **All persons in California who purchased for personal or household consumption any of Defendant's "All Natural Products" which contained High Fructose Corn Syrup during the "Class Period" and which were marketed, advertised, branded or labeled as being "All Natural" or similar**

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

1 | **terms.**

40. Excluded from the Class are employees and agents of Defendant Snapple, the Judge and his relatives back to the 2nd degree of affinity, officers and directors of Defendant Snapple, and counsel for Plaintiffs and the Class.

41. The "Class Period" is defined as being the four (4) years immediately preceding the original filing of this action on March 4, 2009.

42. Plaintiffs aver that the proposed class is so numerous that joinder of all members is impracticable. Upon information and belief, Plaintiffs allege that there are tens of thousands of members in the proposed class.

43. There are many common questions of law and fact involving and affecting the parties to be represented. These common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

  a. Whether Defendant Snapple misrepresented the ingredients, characteristics or other aspects of its "All Natural Products";

  b. Whether Defendant Snapple mislabeled its "All Natural Products";

  c. Whether Defendant Snapple's misrepresentations are unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

  d. Whether Defendant Snapple's mislabeling of its products constitutes unfair, deceptive, untrue, or misleading advertising as defined under California Business and Professions Code § 17500 *et seq.*;

  e. Whether Defendant Snapple's mislabeling of its products is unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

  f. Whether Defendant Snapple's misrepresentations are unlawful, unfair or fraudulent under California Business and Professions Code § 17200, *et seq.*;

  g. Whether Defendant Snapple knew, or by the exercise of reasonable care should have known, that its misrepresentations and mislabeling of its products were untrue or would be misleading to a reasonable California consumer;

h. Whether Defendant Snapple knowingly and intentionally concealed from Plaintiffs and the putative class that its "All Natural Products" were misrepresented;

I. Whether Defendant Snapple engaged in conduct in violation of California Civil Code § 1750, *et seq*. in marketing its "All Natural" products;

j. Whether Defendant Snapple engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(5) which prohibits: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ";

k. Whether Defendant Snapple engaged in unfair and deceptive conduct in violation of California Civil Code section 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another";

l. Whether Plaintiffs and other members of the proposed Class have been injured or suffered losses as a result of the mislabeling alleged above and, if so, the extent of their injury or loss;

m. Whether Defendant Snapple should be enjoined from engaging in the conduct complained of herein; and,

n. Whether Defendant Snapple has been unjustly enriched, such that disgorgement of profits is proper, for the wrongful conduct set forth herein.

44. Plaintiffs' claims as representatives of the Class are typical of the claims of the absent class members. Plaintiffs will fairly and adequately protect the interests of the Class, and have retained attorneys experienced in class and complex litigation as counsel.

45. The prosecution of individual actions by members of the Class would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant Snapple, as well as the industry; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

or impede their ability to protect their interests.

46. Defendant Snapple has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the advertising, marketing and labeling of Defendant Snapple's "All Natural" products.

47. Plaintiffs aver that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversies which are the subject of this action. Moreover, it is impracticable to bring all members of the Class before the Court.

48. Plaintiffs further aver that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the proposed Class will not be overly difficult.

## VI. FIRST CAUSE OF ACTION

**(Business and Professions Code § 17500, *et seq*. - Misleading and Deceptive Advertising)**

49. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

50. Plaintiffs assert this cause of action for violations of California Business and Professions Code §17500, *et seq.* for misleading and deceptive advertising against Defendant Snapple.

51. During the "Class Period", Defendant Snapple engaged in a scheme of offering for sale "All Natural" products to Plaintiffs and other members the Putative Class by way of, *inter alia*, product packaging and labeling, commercial advertisements, and other promotional materials. These "All Natural Products" actually contain HFCS, an artificial and man-made ingredient.

52. The labeling and other representations were made within the State of California and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that such promotional materials and product labeling are intended as inducements to purchase the products and are statements disseminated by Defendant Snapple to Plaintiffs and the members of the Class and are intended to reach these consumers.

53. Defendant Snapple knew, or in the exercise of reasonable care should have known, that

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

these statements would be misleading and deceptive to the reasonable California consumer.

54. In furtherance of said plan and scheme, Defendant Snapple has manufactured and distributed within the State of California, product packaging and labeling, commercial advertisements and other promotional materials containing statements that falsely advertise the true nature of its "All Natural" products.

55. The "All Natural" products contain the man-made ingredients HFCS.

56. Consumers, including Plaintiffs and the Putative Class members, necessarily and reasonably relied on the labeling, branding, and other marketing materials for the offending products at issue.

57. Consumers, including Plaintiffs and the Putative Class members, were among the intended targets of these representations and statements.

58. The above acts of Defendant Snapple, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including Plaintiffs and the Putative Class members, were and are likely to deceive reasonable consumers, by hiding the true nature of the ingredients in the "All Natural" products, all in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*

59. As a direct and proximate result of the above violations of the misleading prong of Business and Professions Code § 17500, *et seq.*, Defendant Snapple has been unjustly enriched at the expense of Plaintiffs and the Putative Class.

60. Plaintiffs and the Putative Class members, pursuant to Business and Professions Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendant Snapple, and such other orders and judgments which may be necessary to disgorge Defendant Snapple's ill-gotten gains and restore to any person in interest any money paid for the "All Natural" products as a result of the wrongful conduct of Defendant Snapple.

61. WHEREFORE, Plaintiffs pray for relief, for themselves and for the Putative Class members as set forth herein.

## VII. **SECOND CAUSE OF ACTION**

**(Business and Professions Code § 17500, *et seq.* - Untrue Advertising)**

62. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate

such allegations by reference therein.

63. Plaintiffs assert this cause of action for violations of California Business and Professions Code § 17500, *et seq*. for untrue advertising against Defendant Snapple.

64. At all material times, Defendant Snapple has engaged in a scheme of offering for sale "All Natural" products to Plaintiffs and the Putative Class members by way of, *inter alia*, product packaging, branding, and labeling, commercial advertisements, and other promotional materials.

65. The "All Natural" products contain the artificial man-made sweetener HFCS, an artificial ingredient.

66. Consumers, including the Plaintiffs, necessarily and reasonably relied on the branding, labeling, and other marketing and promotional materials for the "All Natural" products, induced to purchase them.

67. Consumers, including the Plaintiffs, were among the intended targets of these representations and statements.

68. The above acts of Defendant Snapple, in disseminating said misleading and deceptive representations and statements throughout the State of California to consumers, including the Plaintiffs were and are likely to deceive reasonable consumers, by hiding the true nature of the ingredients of the "All Natural Products", all in violation of the "untrue" prong of California Business and Professions Code §17500, *et seq*.

69. Plaintiffs and the Putative Class members, pursuant to Business and Professions Code § 17535, are entitled to an Order of this Court enjoining such future wrongful conduct on the part of Defendant Snapple, and such other orders and judgments which may be necessary to disgorge Defendant Snapple's ill-gotten gains and restore to any person in interest any money paid for the "All Natural" products as a direct and proximate result of the wrongful conduct alleged herein.

70. WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members, as set forth herein.

## VIII. THIRD CAUSE OF ACTION

**(Business and Professions Code § 17200, *et seq*. - Unlawful Business Acts and Practices)**

71. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate

such allegations by reference herein.

72. Such acts of Defendant Snapple, as described herein, and each of them, constitute unlawful business acts and practices.

73. Manufacturing, marketing, advertising, selling and distributing the "All Natural" products when, in fact, they contain the artificial man-made ingredients HFCS, is unlawful.

74. The business practices alleged above are unlawful under the Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.* ("CLRA"), which also forbids deceptive advertising, among other things.

75. The business practices alleged above are unlawful under Business and Professions Code §17200, *et seq.* by virtue of violating Business and Professions Code §17500, *et seq.*, which forbids untrue advertising and misleading advertising.

76. The business practices alleged above are also unlawful as a breach of an express warranty under California Commercial Code § 2313 and as a breach of implied warranty of fitness for a particular purpose under California Commercial Code § 2315.

77. As a direct and proximate result of the wrongful business practices described above, Plaintiffs and the Putative Class members, pursuant to Business and Professions Code § 17203, are entitled to a Court Order enjoining such future wrongful conduct on the part of Defendant Snapple and such other Orders and judgments which may be necessary to disgorge Defendant Snapple's ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct alleged herein.

78. The above-described unlawful business acts and practices of Defendant Snapple present a reasonable likelihood of deception to Plaintiffs and to the Putative Class members, in that Defendant Snapple has systematically perpetrated and continue to perpetrate such acts or practices upon members of the Class by means of misleading advertising and marketing.

79. WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members, as set forth herein.

IX. **FOURTH CAUSE OF ACTION**

(**Business and Professions Code § 17200, *et seq.* - Unfair Business Acts and Practices**)

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

80. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

81. Such acts of Defendant Snapple, as described herein, and each of them, constitute unfair business acts and practices.

82. Plaintiffs and Putative Class members who purchased any of the "All Natural" products suffered a substantial injury by virtue of buying a product they would not have purchased absent Defendant Snapple's unfair advertising, or by paying more for these products than they would have absent Defendant Snapple's unfair advertising.

83. There is no benefit to consumers or competition by falsely advertising these products. Indeed, the harm to consumers and competition is substantial.

84. Plaintiffs and the Putative Class members who purchased the "All Natural" products had no way of reasonably knowing that the products were not "All Natural", as labeled, branded, promoted, and otherwise advertised.

85. Thus, Plaintiff and consumers could not have reasonably avoided the injury each of them suffered.

86. The gravity of the consequences of Defendant Snapple's conduct as described herein outweighs any justification, motive or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and is immoral, unethical, unscrupulous, offends established public policy or is substantially injurious to Plaintiffs and other members of the Putative Class.

87. As a direct and proximate result of the business acts and practices described above, Plaintiffs and the Putative Class members, pursuant to Business and Professions Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant Snapple, and such other Orders and judgments which may be necessary to disgorge Defendant Snapple's ill-gotten gains and to restore to any person in interest any money paid for the products as a result of the wrongful conduct of Defendant Snapple.

88. WHEREFORE, Plaintiffs pray for relief, for themselves and the Putative Class members, as set forth herein.

X. **FIFTH CAUSE OF ACTION**

**(Business and Professions Code § 17200, *et seq*. - Fraudulent Business Acts and Practices)**

89. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

90. Such acts of Defendant Snapple as described herein, and each of them, constitute fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

91. As more fully described herein above, Defendant Snapple's labeling of products as "All Natural" is likely to deceive reasonable California purchasers, such as the Plaintiffs and the Putative Class members.

92. Indeed, the Plaintiff and other members of the Putative Class were unquestionably deceived into believing the products they purchased were "All Natural", when in fact, they contained the artificial man-made ingredient HFCS.

93. Said acts are fraudulent business acts and practices.

94. This fraud and deception directly and proximately caused Plaintiffs and members of the Putative Class to purchase the products in question, to purchase more of the products than they would have, or to pay more than they would have, had they known the true nature of the products.

95. As a direct and proximate result of the business acts and practices described above, Plaintiffs and the Putative Class members, pursuant to Business and Professions Code § 17203, are entitled to an Order enjoining such future wrongful conduct on the part of Defendant Snapple, and such other Orders and judgments which may be necessary to disgorge Defendant Snapple's ill-gotten gains and to restore to any person in interest any money paid for the products at issue as a result of the wrongful conduct of Defendant Snapple.

96. WHEREFORE, Plaintiffs pray for relief, for themselves and for the Class members, as set forth herein.

## XI. SIXTH CAUSE OF ACTION

**(California Civil Code § 1750, *et seq*. - The Consumers Legal Remedies Act)**

97. Plaintiffs repeats each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

98. Plaintiffs bring this action pursuant to California's Consumer Legal Remedies Act

("CLRA"), California Civil Code § 1750, *et seq.* Pursuant to the CLRA, Plaintiffs seek to enjoin the unfair, unlawful, and deceptive acts and conduct, seek actual and punitive damages, as well as restitution and attorney fees and costs for the acts and practices more fully described herein.

99. The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." Plaintiffs, for themselves and on behalf of the Putative Class members, seek injunctive and declaratory relief, damages, punitive damages and attorney fees under the CLRA.

100. The "All Natural" products at issue are "goods" as defined by the CLRA in California Civil Code § 1761(a).

101. Defendant Snapple is a "person" as defined by the CLRA in California Civil Code § 1761(C).

102. Plaintiffs and the Putative Class members are "consumers" as defined by the CLRA in California Civil Code § 1761(d).

103. The purchases of the "All Natural" products by the Plaintiffs and Putative Class members are "transactions" as defined by California Civil Code § 1761(e).

104. The mislabeling of the "All Natural" products at issue is prohibited pursuant to the CLRA, because it was "undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

105. Defendant Snapple engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the "All Natural" products, when in fact these products contain HFCS, which is an artificial man-made ingredient that does not exist or occur in nature.

106. This unfair and deceptive conduct is a violation of California Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . ."

107. This unfair and deceptive conduct is also a violation of California Civil Code § 1770(a)(7) which prohibits: "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

108. Defendant Snapple's unfair and deceptive acts and conduct have violated, and continue to violate, California's Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*, because they extend to transactions that are intended to result, or have resulted, in the sale or lease of goods or services to consumers, including the Plaintiffs and the Putative Class members.

109. As a direct and proximate result of Defendant Snapple's unfair and deceptive acts or practices, the Plaintiffs and the Putative Class members have suffered damages in that they purchased misbranded, mislabeled products they would not have bought, purchased more of these products than they would otherwise have bought, or paid more for these products than they would have if these products had been accurately advertised and labeled.

110. On March 4, 2009, Plaintiff Von Koenig served the Defendant Snapple by certified mail return receipt requested, with notice and demand to correct, repair, replace or otherwise rectify the unlawful, unfair, false and deceptive practices complained of herein, as required by the CLRA in California Civil Code § 1782.

111. Defendant Snapple failed to respond.

## XII. **RELIEF DEMANDED**

A. An Order certifying that the action be maintained as a class action pursuant to Rule 23, and that the named Plaintiffs may serve as representatives of this Class;

B. For a preliminary and permanent injunction enjoining Defendant Snapple from advertising, representing, or otherwise holding out for sale within the State of California, any products which contain HFCS as being "All Natural", "100% Natural" or "Natural";

C. An Order requiring Defendant Snapple to provide corrective advertising designed to correct the misrepresentations, mis-statements and omissions made in the marketing, advertising, packaging and other promotional materials related to its "All Natural" products;

D. For a judgment of the Court to restore, by way of restitution, refund or reimbursement, to any person in interest, any money acquired by means of Defendant Snapple's untrue, deceptive or misleading advertising and/or unfair, unlawful or fraudulent business acts and practices described herein;

E. Disgorgement of the excessive and ill-gotten monies obtained by Defendant Snapple as a

BAKER LAW PC
2229 First Avenue North
Birmingham, Alabama 35203

result of the untrue and misleading advertising and unlawful, unfair or fraudulent business acts and practices described herein;

F. Actual and punitive damages as allowed by California Civil Code § 1780;

G. For an award of attorney fees pursuant to, *inter alia*, Code of Civil Procedure §§1021.5 and 1032, as well as California Civil Code § 1780(d);

I. For costs of suit herein incurred pursuant to Code of Civil Procedure § 1033.5;

H. Pre and post-judgment interest; and;

I. For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

Dated: May 25, 2010

By: /s G. Richard Baker
G. RICHARD BAKER(SBN 224003)
*Lead Attorney for Plaintiffs, Individually and On Behalf of All Others Similarly Situated*

**BAKER LAW PC**
G. Richard Baker (SBN 224003)
2229 First Avenue North
Birmingham, Alabama 35203
205.241.9608
205.449.0050 (facsimile)
richard@Bakerlawpc.com

**JACKSON & TUCKER PC**
K. Stephen Jackson (admitted *pro hac vice*)
Joseph L. Tucker (admitted *pro hac vice*)
2229 First Avenue North
Birmingham, Alabama 35203
205.252.3535
205.252.3536 (facsimile
josh@jacksonandtucker.com
steve@jacksonandtucker.com

**WILENTZ, GOLDMAN & SPITZER, PA**
Kevin Roddy (SBN 128283)
Daniel R. Lapinski (admitted *pro hac vice*)
90 Woodbridge Center Drive
Woodbridge, New Jersey
732.855.6066
732.726.4735 (facsimile)
kroddy@wilentz.com
dlapinski@wilentz.com

*Interim Lead Counsel for Plaintiff*

John H. Donoboli (SBN 205218)
jdonboli@delmarlawgroup.com
J.L. Sean Slatter (SBN 2109625)
sslattery@delmarlawgroup.com
DEL MAR LAW GROUP, LLP
Del Mar, CA 92014
858.793.6244
858.793.6005 (facsimile)

*Counsel for Plaintiff Guy Cadwell*