UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FRANCIS VON KOENIG, GUY CADWELL, individually and on behalf of all others similarly situated,

        Plaintiffs,

   v.

SNAPPLE BEVERAGE CORPORATION,

        Defendant.
_____/

2:09-cv-00606 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Snapple Beverage Corporation's ("Snapple" or "defendant") motion to dismiss claims in their First Amended Consolidated Class Action Complaint ("FAC") relating to all advertising and promotions other than product labeling, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Plaintiffs Frances Von Koenig ("Von Koenig") and Gay Cadwell's ("Cadwell") (collectively

"plaintiffs") oppose the motion. For the reasons set forth below,[1] defendant's motion to dismiss is GRANTED.

## BACKGROUND

This case arises out of plaintiffs' allegations that defendant "engaged in the unfair, unlawful, deceptive and fraudulent practice of marketing, promoting, and advertising its drink products as 'All Natural' when these drink products contain one or more non-natural or artificial ingredients, such as High Fructose Corn Syrup ("HFCS")." (Pl.'s First Am. Consolidated Class Action Compl. ("FAC") [Docket #84], filed May 25, 2010, at 2.) Specifically, plaintiffs allege defendants marketed its drink products as "All Natural" even though they contained HFCS. (Id.)

On May 10, 2010, the court issued its Memorandum & Order, granting in part and denying in part defendant's motion to dismiss plaintiffs' Corrected Consolidated Class Action Complaint. (Mem. & Order [Docket #83], filed May 10, 2010.) With respect to plaintiffs' claims sounding in fraud, the court concluded that plaintiffs had satisfied heightened pleading standards with respect to its claims arising out of defendants' labeling though their allegations and submission of the labels at issue. (Id. at 17-18.) However, the court also concluded that plaintiffs did not sufficiently plead claims "based upon other advertisements and marketing or based upon other labels not submitted to the court." (Id. at 18.)

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 230(g)

2

On May 25, 2010, plaintiffs filed their First Amended Consolidated Class Action Complaint, alleging that sixty different drink products of defendant were labeled as "All Natural" while containing HFCS. (Id.)  Plaintiffs have submitted examples of the relevant labels on each of these drink products.[2] (Pls.' Requests for Judicial Notice [Docket ## 112-18], filed Dec. 1, 2010.)

**ANALYSIS**

Defendant argues that in the FAC, plaintiffs re-pled "vague and highly generalized allegations" arising out of defendant's "'commercial advertisements' and 'other promotional materials' *identical* to those alleged in plaintiffs' dismissed CAC." (Def.'s Mot. to Dismiss [Docket #91], filed July 6, 2010, at 3.) Accordingly, defendant moves to dismiss plaintiffs' claims to the extent they arise out of advertising and marketing allegations separate and apart from the drink product labels.  Plaintiffs do not substantively respond to the crux of defendant's motion, but rather assert that their claims arising from the labels on the sixty drink products set forth in the complaint meet the requisite heightened pleading standard.

A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107

---

[2] Because these labels form the basis of the relevant causes of action, the court considers them for the purpose of defendant's motion to dismiss. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

(9th Cir. 2003). Therefore, plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud. Id. at 1106 (citations omitted). A plaintiff must therefore "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). The plaintiff must also "set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994).

    A central purpose of Rule 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009) (noting that Rule 9(b) also serves to protect the reputation of those charged with fraud and to prohibit plaintiffs from unilaterally imposing enormous social and economic costs on the court, the parties, and society without a factual basis); Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Concha, 62 F.3d at 1502 (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

    As set forth in the court's prior order, plaintiffs' allegations arising out of the labels on defendant's drink products satisfy the heightened pleading standard of Rule 9(b).

4

(See Mem. & Order [Docket # 83] at 16-18.)  Specifically, plaintiffs allege that between March 4, 2005 and March 4, 2009, defendant used terms such as "All Natural" and other similar terms in labeling its drink products.  (FAC ¶¶ 41, 43.) Plaintiffs have submitted examples of the labels from a bottle of each of the sixty drink products set forth in the FAC, all of which contain the term "All Natural" or "100% Natural." Plaintiffs allege that this labeling deceived consumers because the drink products contained HFCS, which they assert is not a natural product.  (Id. ¶ 31-32.)  Plaintiffs further allege that if they had not been deceived by the labels on the products, they would not have purchased defendant's product, but would have purchased alternative drink products.  (Id. ¶ 36.)  These allegation are sufficient to establish the "time, place, and specific content" requirements of Rule 9(b).  See Pom Wonderful LLC v. Ocean Spray Cranberries, Inc., 642 F. Supp. 2d 1112, 1124 (C.D. Cal. 2009) (holding that the plaintiff adequately pled false advertising claims with particularity where the complaint alleged when the defendant introduced the drink product, how it was labeled, and what was misleading about the label); see also Germain v. J.C. Penney Co., No. CV 09-2847, 2009 WL 1971336 (C.D. Cal. July 6, 2009) (holding that the plaintiffs pled false advertising claims with particularity where the complaint identified who was responsible for the conduct alleged and the defendants could "prepare an adequate answer from the allegations"); cf. Kearns, 567 F.3d at 1126 (holding that plaintiff failed to plead fraud with particularity where he failed to specify what advertisements he was exposed to, what

those advertisements specifically stated, and when or by whom he was told that the product at issue was the best available and most rigorously tested).

However, defendant's motion to dismiss is directed not at plaintiffs' claims arising out of the specified drink product labels, but at plaintiffs' broader allegations regarding unspecified "commercial advertisements" and "other promotional materials." Except for the allegations relating to drink product labels, plaintiffs' FAC fails to (1) identify any specific advertisements or promotional materials; (2) allege when plaintiffs were exposed to each advertisements or materials; or (3) explain how such advertisements or materials were false or misleading. Accordingly, defendant's motion to dismiss plaintiffs' claims arising out of advertisements and marketing, separate and apart from the labels identified in the complaint and submitted to the court, is GRANTED.

IT IS SO ORDERED.

DATED: January 6, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE